CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| MARCUS BURDETT,              ) | |
|     Plaintiff,              ) | Civil Action No. 7:24cv00597 |
|                   ) | |
| v.              ) | MEMORANDUM OPINION |
|                   ) | |
| OFFICER BOOTH, et al.,              ) | By:  Robert S. Ballou |
|     Defendants.              ) | United States District Judge |

Marcus Burdett, a Virginia inmate proceeding *pro se*, has filed a civil rights action under 42 U.S.C. § 1983, against Officer Booth, Officer Scouth, Lt. Tatum, and unidentified nurses at the Abingdon Regional Jail and at the Haysi Regional Jail. He alleges several unrelated causes of action which occurred at different time and in different facilities. He alleges in Claim 1 that Officer Booth and Officer Scouth caused him to lose his job in the kitchen at Duffield Regional Jail by writing him up for refusing to shave on August 6, 2024, and failed to explain the hearing paperwork that he refused to sign.  In Claim 2, he alleges that he fell from his top bunk at Haysi Regional Jail on December 8, 2023, when he should not have been on a top bunk because of his medical condition; because the jail in Haysi was on lockdown, he alleges that he waited until he was transferred to the Abingdon Regional Jail to seek medical care.  Finally, in Claim 3, Burdett contends that in August 2022, the Abingdon Jail gave his personal belongings, including his house keys, to another inmate when she was released, contrary to Burdett's explicit instructions. When Burdett was released, his property was not there, and when he returned to his home, his televisions, tablets, phones, and jewelry had been taken from his home.  Burdett spoke to Lt. Tatum about the events, and he said he would try to find the other inmate and recover Burdett's property, but Burdett never heard back from him.

On preliminary screening required by 28 U.S.C. § 1915A, I find that Burdett's Complaint is deficient in several respects. First, he has misjoined several different claims against different parties, arising out of events that took place at different times and in different facilities. Claims against multiple parties in a single lawsuit are allowed only if the claims arose out of the same occurrence *and* contain a question of fact or law common to all the defendants. *See* FED. R. CIV. P. 20; *Green v. Denning*, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009). These rules apply with equal force to *pro se* prisoner cases and require that three different suits be filed, one for each of the separate claims.

Further, none of Burdett's claims states a claim for which relief may be granted under § 1983 which provides a cause of action against a person who, acting under color of state law, violates the constitutional rights of another. 42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). A proper claim requires factual details about each defendant's actions and how those specific actions violated the plaintiff's rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). A state actor is liable only for his or her own misconduct, not for the conduct of their subordinates or colleagues; even mere knowledge that another state actor is engaged in unconstitutional conduct is not enough to impose liability on someone who has not personally violated a plaintiff's constitutional rights. *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023).

Finally, a defendant's conduct must violate a constitutional right, which requires a higher level of wrongdoing. In his first claim, Burdett identifies actions taken by Officer Booth and Officer Scouth that resulted in his loss of employment in the jail and change in security classification. However, an inmate has no constitutional right to employment in jail or prison.

*Women Prisoners of District of Columbia Dep't of Corr.*, 93 F.3d 910, 927 (D.C. Cir. 1996). Nor does an inmate have a constitutionally protected interest in his security classification. *Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976); *Shelton v. Angelone*, 183 F. Supp. 2d 830, 838 (W.D. Va. 2002). Because he has failed to identify a violation of constitutional rights, and no such violation is apparent from the allegations, I will dismiss Claim 1.

In his second claim, Burdett does not identify any constitutional violations committed by anyone. Presumably, because he named "Nurses" at the two jails as defendants, he found some aspect of the medical care he received to be inadequate. However, inadequate or negligent medical care is insufficient to prove violation of an inmate's constitutional rights. To state a constitutional claim, a prisoner must show deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference requires a state of mind more blameworthy than negligence. *Id.* at 835. As the Court noted, ordinary medical malpractice does not rise to the level of a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because plaintiff is proceeding *pro se* and may have knowledge of additional facts that could make this claim viable, I will dismiss Claim 2 without prejudice to his right to refile a proper claim.

Finally, in Burdett's third claim, that his property was given to another inmate on her release, contrary to Burdett's explicit directions, the only person named is Lt. Tatum. Tatum stated he would try to find the woman and have Burdett's property returned, but Tatum is not the person who took Burdett's property. Nor do these events rise to the level of a constitutional violation. Deprivation of someone's property by a state employee, whether negligent or intentional, does not violate the Due Process Clause if a meaningful post-deprivation remedy is available for the loss. *Hudson v. Palmer*, 468 U.S. 517, (1984). The tort remedies under Virginia

state law (*see* Va. Code § 8.01-195.3) provide such meaningful post-deprivation remedies, precluding a § 1983 claim for these events. *Foley v. Fix*, 106 F.3d 556, 557 (4th Cir. 1997). Because the facts alleged do not support a constitutional claim, I will dismiss Claim 3.

For the reasons stated, I will dismiss Claim 1 and Claim 3, and I will dismiss Claim 2 without prejudice.

An appropriate order will be entered this day.

Enter: June 30, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge